IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GISELA RIVERA SUAREZ, JUAN ELIAS ARROYO<br><br>Plaintiffs<br><br>vs.<br><br>MUNICIPALITY OF SAN JUAN, MAPFRE PRAICO INSURANCE COMPANY<br><br>Defendants | CIVIL NO.<br><br>DAMAGES<br><br>**TRIAL BY JURY** |

**COMPLAINT**

TO THE HONORABLE COURT:

Come now Plaintiffs, Gisela Rivera Suárez and Juan Elias Arroyo through the undersigned attorney and very respectfully alleges and prays:

**I. THE PARTIES**

1.  Plaintiff Gisela Rivera Suárez is of legal age, married and resident of Tampa, Florida.

2.  Plaintiff Juan Elias Arroyo is of legal age, married to plaintiff Gisela Rivera Suárez and resident of Tampa, Florida.

3.  Defendant Municipality of San Juan, (hereinafter "MSJ") is an autonomous municipality of Puerto Rico, with capacity to sue and be sued that is responsible for the inspection, maintenance and upkeep of all sidewalks

1

adjacent to public streets of San Juan.

4. At all relevant times to this action, MSJ had under its jurisdiction the sidewalk adjacent to José Martí Street in Miramar.

5. Co-defendant, MAPFRE PRAICO Insurance Company (MAPFRE), is a casualty and liability insurer, incorporated and with principal place of business in the Commonwealth of Puerto Rico.  For the date of the accident set forth in this complaint, this insurer had issued and had in force a policy of liability or casualty insurance to cover for the negligent acts of MSJ against loss for its negligence, fault or liability in the inspection, repair and maintenance of its sidewalks. This insurer is jointly liable with MSJ for the negligent acts and damages set forth and claimed herein.  MAPFRE is included as a defendant in the case of caption pursuant to the direct cause of action embodied in Article 20.030 of the Puerto Rico Insurance Code.

## II. JURISDICTION AND VENUE

6. This Honorable Court has jurisdiction over the subject matter and over the parties of this litigation based on diversity of citizenship pursuant to Section 1332 of Title 28 of the United States Code, given the parties complete diversity of citizenship and being the amount in controversy in excess of $75,000.00, exclusive of interests and costs. Venue is proper in the U.S. District of Puerto Rico because it is where the events or omissions giving rise to the claim occurred. See 28 U.S.C. §1391(a).

## III. THE FACTS

7. On March 1st, 2023, Plaintiff Gisela Rivera Suárez ("Mrs. Rivera Suarez"), a resident of the state of Florida, was in Puerto Rico visiting her parents.

8. On the aforementioned date, Mrs. Rivera Suárez went with her friend Ana Nieves to watch a movie at the Miramar's Fine Arts movie theatre.

9. At around 7:00 PM, the movie concluded, and Mrs. Rivera Suarez and her friend proceeded to walk back to where her friend's car was parked at José Marí Street in Miramar. They crossed said street and got on the sidewalk. After taking a few of steps, Mrs. Rivera tripped on a section of the sidewalk with a long uneven surface, causing her feet to get tangled and fall forward, suffering the damages as more fully will be set forth herein.

10. An inspection of the sidewalk shows that the part where the grass was once planted was at some point filled with cement, creating a long section of unevenness in it, which represents an extremely dangerous condition for the pedestrians and causing Mrs. Suarez Rivera to trip and fall. This hazardous condition has been present in the sidewalk in controversy for years without being corrected and/or repaired by the Municipality of San Juan.

## IV. THE NEGLIGENCE

11. At the time of the accident object of the present complaint the sidewalk in which Mrs. Rivera Suarez fell was under the jurisdiction of the Municipality of San Juan.

12. The accident suffered by Mrs. Rivera Suarez was the direct result of the negligence and carelessness of the agents and/or employees of the Municipality of San Juan in failing to inspect, repair and maintain the sidewalk on which Mrs. Rivera Suarez fell. The Municipality of San Juan allowed the presence of a hazardous condition on the sidewalk consisting of a long uneven surface that caused Mrs. Rivera Suarez's to trip and fall and subsequent damages. Moreover, the sidewalk does not contain any notices and/or warnings to alert the pedestrians of its inherent dangerous condition.

13. The Municipality of San Juan does not have any inspection or preventive program protocols to correct the dangerous conditions of its sidewalk as above described. Inspection of the sidewalk in controversy clearly shows that the hazardous condition, consisting of a long uneven surface, has been present for years without ever being repaired or corrected.

14. On April 27, 2023 and pursuant to Article 15.003 of the Law of Autonomous Municipalities, 21 LPRA sec. 4011, the Plaintiffs through certified letter notified the Mayor of San Juan of the accident object of the complaint, the location and causes for same and the damages suffered. Said letter was received by the Municipality of San Juan on May 2, 2023.

## V. THE DAMAGES

15. As afore described, Mrs. Rivera tripped on a part of the sidewalk, that had a long uneven surface, causing her feet to get tangled and fall forward.

16. While Mrs. Rivera Suarez fell, she extended both arms to protect her knees because she had bilateral knee replacement surgery in 2019. Most of the weight of her body fell over her right arm. Mrs. Rivera Surez felt intense pain and could not move the portion of her shoulder down to her elbow. Her friend Ana took her to her home in Miramar, where ice was placed on Mrs. Rivera Suarez's right shoulder, and she took some analgesics. Later, Ana took Mrs. Rivera Suarez to her parent's home in Bayamón.

17. The pain on Mrs. Rivera Suarez's shoulder was so intense and excruciating that at around 9:00 p.m., her father took her to the emergency room at the Doctor's Center Hospital in Bayamón.

18. Once at the Doctor's Center, X-rays were taken of her right shoulder, and she was diagnosed with a comminuted humeral fracture of her right shoulder and was informed that she needed surgery.

19. On March 3, 2023, under general anesthesia Mrs. Rivera Suarez underwent an open reduction and internal fixation procedure where a metal plate and eight (8) screws were inserted to fix the fracture in her shoulder. Mrs. Rivera Suarez was then discharged on March 4, 2023.

20. After having her post-operative visit with the orthopedic surgeon at the Doctor's Center in Bayamón, Mrs. Rivera Suarez returned to her home in Tampa on March 14, 2023.

21. Once at her home, Mrs. Rivera Suarez continued with an excruciating

pain in her right shoulder.

22. On April 3, 2023 Mrs. Rivera Suarez visited the Florida Orthopedic Institute due to the unabated pain in her shoulder and to follow up of her surgery in Puerto Rico. Radiographic tests were taken of Mrs. Rivera Suarez's shoulder.

23. On April 4, 2023 Mrs. Rivera Suarez was informed that the radiographic tests revealed screw penetration within the humeral head and a failed open reduction and internal fixation procedure in Puerto Rico.

24. On April 19, 2023, under general anesthesia, Mrs. Rivera Suarez underwent a revision of the open reduction and internal fixation procedure, where the plate and screws previously installed were removed. A new titanium plate and eleven (11) screws were placed in Mrs. Rivera Suarez's humeral head to correct the failed operation performed in Puerto Rico.

25. For weeks Mrs. Rivera Suarez remained at her home with excruciating pain in her shoulder. She could not move and was unable to sleep due to the pain.

26. On May 17 2023, Mrs. Rivera Suarez commenced a rigorous and extremely painful physical therapy program, which has not concluded.

27. Presently Mrs. Rivera Suarez continues to suffer from intense pain in her right shoulder. She is unable to do any household chores and spends most of her day sitting up on the couch with pillows to support her right arm and shoulder.

28. The physical injuries suffered by Mrs. Rivera Suarez have severely affected her daily activities and general enjoyment of life and will most likely do so for the rest of her life. This has severely hampered her general disposition towards life and her ability to relate with others including family members. Due to the latter, Plaintiff has suffered and continues to suffer extreme mental anguishes. Her physical damages, medical treatment, limitations and mental anguishes are valued in a sum of not less than One Million Dollars ($1,000.000.00).

29. As a result of the severe injuries suffered by Mrs. Rivera Suarez, her husband co-plaintiff, Juan Elías Arroyo has suffered and continues to suffer severe mental anguish and emotional distress upon witnessing the severe injuries inflicted upon her wife. His damages are valued at the sum of not less than Five Hundred Thousand Dollars ($500,000.00.).

30. Plaintiffs demands a trial by jury in each and every cause of action.

IN VIEW OF THE FOREGOING, Plaintiffs respectfully prays that judgment against Defendants be entered according to the aforementioned averments once the necessary legal proceedings have been fulfilled, and that this Honorable Court order Defendants to pay to Plaintiffs the amounts herein requested, including pre judgment interests from the date of the filing of this Complaint, taxable costs and a reasonable amount for attorney's fees.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 13th day of September 2023.

                S/ José L. Rivero-Vergne
                RIVERO-VERGNE LAW OFFICES
                Attorney for Plaintiff
                Popular Center Suite 1800
                208 Ponce de León Ave.
                San Juan, Puerto Rico 00918
                T. (787)522-4864
                riverovergnelaw@gmail.com
                USDC-PR 202408